UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    v.                                  Case No. 2:24-cr-118 (3)
                                        Chief Judge Sarah D. Morrison

**SHAWN DETRICK RADCLIFF,**

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Shawn Detrick Radcliff's Appeal of Order of Detention. (ECF No. 37.) The Government orally opposed at Mr. Radcliff's change of plea hearing. (*See* ECF No. 38.) Having considered the evidence *de novo*, the Court **DENIES** the Motion.

**I.    BACKGROUND**

Mr. Radcliff has been involved in the criminal justice system since he was charged with burglary at age 18. (PSR, ECF No. 16, PAGEID # 28.) He was sentenced to three years of probation, which turned into five years after Mr. Radcliff absconded twice and violated his conditions of community control. (*Id.*, PAGEID # 29.) At 23, he was convicted of retail theft and sentenced to fifty days of incarceration. (*Id.*) Five years later, Mr. Radcliff was charged with domestic violence against his infant son. (*Id.*) He pled to an amended charge of criminal mischief and was sentenced to time served. (*Id.*) Four months later, in August 2023,

Mr. Radcliff was arrested for firearms offenses, leading to both state and federal charges. (*Id.*, PAGEID # 29–30.)

*State Case*. Mr. Radcliff was indicted on August 17, 2023, for felonious assault, discharging a firearm, aggravated riot, and possessing a weapon under disability. *State of Ohio v. Radcliff*, No. 23 CR 004133 (Franklin Cty. C.P., filed Aug. 17, 2023). He pleaded guilty to the latter two counts and, on April 4, 2024, was sentenced to five years of community control.

*Federal Case*. One year after he was indicted in state court, Mr. Radcliff was indicted by a federal grand jury. (ECF No. 6.) He was charged with one count of being a felon in possession of a firearm (Count Three) and one count of possession of a machine gun (Count Four). (*Id.*) On October 7, 2024, the Magistrate Judge held a hearing on the Government's motion to detain Mr. Radcliff pending resolution of the charge. (*See* ECF No. 18.) The Magistrate Judge reviewed the Pretrial Services Report recommending that Mr. Radcliff be released on his own recognizance, subject to a set of conditions intended to ensure his appearance at future court proceedings and the safety of the community. (PSR.) At the hearing, the Government proffered additional evidence, including that Mr. Radcliff had attempted to conceal evidence during his arrest and that he was not in compliance with his state-court-imposed community control.

The Magistrate Judge found that the Government proved by clear and convincing evidence that no condition or set of conditions on Mr. Radcliff's release would reasonably assure the safety of the community. (ECF No. 18.) She cited the

weight of the evidence; possible period of incarceration; prior criminal history; participation in criminal activity while on supervision; history of violence or use of weapons; history of substance abuse; lack of stable employment; prior failure to appear; prior attempts to evade law enforcement; and prior violations of supervision as reasons supporting detention. (*Id.*)

Mr. Radcliff has since pleaded guilty to Count Four of the indictment and is awaiting sentencing. (*See* ECF No. 38.)

## III. LEGAL STANDARD

Pursuant to the Bail Reform Act, "a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the defendant's appearance as required and the safety of any other person and the community." *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004) (citing 18 U.S.C. § 3142(e)(1)). There is no argument that Mr. Radcliff presents a risk of flight. "The government must prove . . . dangerousness to any other person or the community by clear and convincing evidence." *Id.*

Once the Government has met its burden, the judicial officer must determine whether conditions exist that would reasonably assure the safety of the community upon a defendant's release. *See* 18 U.S.C. § 3142(g). If the judicial officer determines that detention is necessary, she must submit a written statement of reasons. 18 U.S.C. § 3142(i)(1). When a magistrate judge issues a detention order, a defendant may request that that order be reviewed by the district court. 18 U.S.C. § 3145(b). The district judge reviews the evidence *de novo*, *United States v. Yamini*, 91 F.

Supp. 2d 1125, 1130 (S.D. Ohio 2000) (Marbley, J.), but is not required to hold a hearing, *United States v. Sammons,* No. 2:19-CR-107, 2020 WL 613930, at *3 (S.D. Ohio Feb. 10, 2020) (Morrison, J.) (collecting cases).

## IV. ANALYSIS

The Court has evaluated *de novo* the Magistrate Judge's detention order, including reviewing the Pretrial Services Report and a recording of the detention hearing, and all materials and briefing available on the docket.[1] Mr. Radcliff seeks revocation of the detention order pending sentencing, arguing that the Bail Reform Act allows a judicial offer to release a defendant awaiting sentencing when there is a "compelling reason." (ECF No. 38, PAGEID # 88.) He fails to identify one.

*Burden of Proof.* The Government has established Mr. Radcliff's dangerousness to the community by clear and convincing evidence. The Court is particularly concerned by Mr. Radcliff's history of unwillingness to comply with the terms of the court-imposed supervision.

*Nature and Circumstances of the Offense.* The nature and circumstances of the charged offenses also weigh in favor of detention. Mr. Radcliff purchased and carried a modified firearm—then tried to dispose of it when pulled over. When time did not permit him to throw the gun out the window, he tried to conceal it.

*Weight of the Evidence.* The weight of the evidence with respect to Mr. Radcliff's dangerousness supports his continued detention pending trial. In this

---

[1] Neither Mr. Radcliff nor the Government offer new evidence. Thus, no hearing is necessary.

4

circuit, "[t]his factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010). Mr. Radcliff's recent history—including, though not limited to, an active protective order on his child—suggests that he poses a danger to the community.

*History and Characteristics.* Mr. Radcliff's personal history and characteristics are neutral as to his detention pending sentencing.

*Nature and Seriousness of the Danger to the Community.* The nature and seriousness of the danger Mr. Radcliff poses to the community also weigh in favor of his continued detention. Again, the Court notes that Mr. Radcliff has not shown willingness to comply with the terms of judicially-imposed terms of release and supervision. In combination with the most recent of Mr. Radcliff's offenses involving violence and/or firearms, the Court sees Mr. Radcliff as a serious risk to the safety of the community if released pending sentencing.

In sum, consideration of the requisite factors indicates no condition or combination of conditions of release would reasonably assure the safety of the community. As such, revocation of the detention order is not appropriate.

## V. CONCLUSION

Mr. Radcliff's Motion (ECF No. 37) is **DENIED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

5